

DA 12-0761

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 128N

HAROLD MARTIN KLINKER, JR.,
and MARCIA ANN KLINKER,

   Plaintiffs and Appellees,

  v.

DEAN L. PEARSON and GARY L. PEARSON,

   Defendants,

K. DALE SCHWANKE,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Ninth Judicial District,
       In and For the County of Teton, Cause No. DV 12-017
       Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Norman L. Newhall, Linnell, Newhall, Martin & Schulke, P.C.; Great Falls,
     Montana

   For Appellee:

     J. Daniel Hoven, Daniel J. Auerbach, Browning, Kaleczyc, Berry & Hoven,
     P.C.; Missoula, Montana

        Submitted on Briefs: March 20, 2013
            Decided: May 14, 2013

Filed:

     _____
          Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Dale Schwanke (Schwanke) appeals from the order of the Ninth Judicial District Court, Teton County, that denied his motion for substitution of district judge. Appellees Harold Martin Klinker, Jr. and Marcia Ann Klinker (Klinkers) have filed notice that they take no position on the matters set forth in the appeal. We vacate the District Court's order and direct the court to appoint a substitute district judge.

¶3     The action arises from a purchase and sale agreement for real property in Teton County, Montana. Under the agreement, the Klinkers agreed to purchase the property from Dean L. Pearson and Gary L. Pearson (Pearsons). Schwanke served as the Pearsons' attorney. The deal unraveled when the Pearsons also entered a fully-executed buy-sell agreement concerning the same property with Jay Ratliff (Ratliff).

¶4     The Klinkers filed claims against the Pearsons for which they seek specific performance and damages for breach of contract. They also allege that the Pearsons and Schwanke are liable to them for fraud, constructive fraud, negligent misrepresentation, and punitive damages.

¶5     Section 3-1-804(1), MCA, allows each adverse party to a district court action one substitution of district judge. The Pearsons obtained a substitution of district judge in May

2

of 2012. Schwanke separately moved to substitute the district judge in November of 2012. The District Court denied Schwanke's motion based on the Pearsons' previous motion for substitution and the court's conclusion that no adversity of interest existed between the Pearsons and Schwanke.

¶6     We determined that the Pearsons and Schwanke qualified as adverse parties for purposes of substitution of district judge in an action brought by Ratliff, the other prospective buyer of the Pearsons' property. *Ratliff v. Pearson*, 2011 MT 241, ¶ 31, 362 Mont. 163, 261 P.3d 1037. We concluded that differing factual allegations against the various defendants, the apparent availability of separate defense strategies, and the possibility that the duties owed by the various defendants to the plaintiffs may differ, were sufficient factors to qualify the defendants as adverse parties. *Ratliff*, ¶¶ 30-31. We reach the same conclusion here.

¶7     The interests of the Pearsons and Schwanke do not align completely. The differences prove sufficiently adverse to support a separate motion for substitution of judge by each defendant. Among other things, the Pearsons could contest the validity of the representations allegedly made to the Klinkers by Schwanke on the Pearsons' behalf; Schwanke and the Pearsons may dispute factual statements that either party allegedly made to the other; the duties that the Pearsons may owe to the Klinkers likely differ from any duties that Schwanke may owe to the Klinkers; the parties have retained separate counsel and have available separate defense strategies; the Pearsons may assert a separate malpractice claim against Schwanke; and Schwanke may claim that he acted on misinformation provided

3

by the Pearsons.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. We vacate the order denying Schwanke's motion as Montana law allows for substitution of district judge under these circumstances. We direct the District Court to enter an order granting Schwanke's motion.

/S/ BRIAN MORRIS

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER

4